IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIDE INTERNATIONAL, INC. and MEXICO DRILLING LIMITED, LLC, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. H-12-2889 |
| TESCO CORPORATION (US), TESCO CORPORATION, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, ILLINOIS NATIONAL INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, and ZURICH INSURANCE COMPANY, | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Pending are Defendants' Motion to Dismiss (Document No. 30),[1] Plaintiffs' Motion for Partial Summary Judgment Regarding Duty to Defend (Document No. 29), and Plaintiffs' Motion for Partial Summary Judgment Regarding Duty to Defend as to Steadfast Insurance Company and Zurich Insurance Company (Document No. 37). After carefully considering the motions, responses, replies, and applicable law, the Court concludes that Defendants' motion to dismiss should be conditionally granted.

---

[1] The Motion to Dismiss was brought by Defendants Tesco Corporation (US), Tesco Corporation, Insurance Company of the State of Pennsylvania, and Illinois National Insurance Company. Steadfast Insurance Company and Zurich Insurance Company filed a Joinder in Defendants' Motion to Dismiss. Document No. 32.

I. <u>Background</u>

The origin of this case dates back to injuries sustained by Keith Taylor ("Taylor") while working in proximity to a top-drive unit on a fixed oil platform in the Bay of Campeche off the coast of Mexico. Taylor brought suit to recover damages for his injuries against TESCO Corporation (US) ("TESCO (US)") and TESCO Corporation ("TESCO") (the manufacturer/servicer of the top-drive unit) and Pride International, Inc. ("Pride") and Mexico Drilling Limited, LLC ("Mexico Drilling") (together with Pride, "Plaintiffs") (operator(s) of the production facilities on the platform).[2] In turn, the Pride Defendants in Taylor's case (Plaintiffs here) filed actions against the TESCO Defendants and their insurers, Insurance Company of the State of Pennsylvania ("ICOSPA"), Illinois National Insurance Company ("INIC"), Steadfast Insurance Company ("Steadfast"), and Zurich Insurance Company ("Zurich") (collectively, "Defendants"), alleging a duty to defend and indemnify as well as contribution claims.[3] Pride's and Mexico Drilling's actions were severed from Taylor's case and, under the above cause number and style, now constitute the case before the Court.

---

[2] *See* <u>Taylor v. Tesco</u>, Civ. A. No. H-11-517 (hereinafter, "<u>Taylor v. Tesco</u>"). Taylor's personal injury case was dismissed with prejudice on October 3, 2013, pursuant to a settlement agreement. *See* <u>id.</u>, Document No. 342.

[3] Document No. 17 (1st Am. Cmplt.).

2

Plaintiffs filed their First Amended and Supplemental Complaint on January 8, 2013, against the TESCO Defendants and TESCO's four insurers. This is now the live pleading in Plaintiffs' case. Plaintiffs' claims are founded upon a 2008 written Purchase Order and Terms and Conditions ("Purchase Order"), issued on Pride's letterhead by Plaintiffs or their agent to TESCO and/or TESCO (US) to service the top drive unit in proximity to which Taylor suffered his injuries. The Purchase Order contained terms for indemnity and to hold harmless, and for seller to carry primary and excess insurance coverage in various amounts covering a variety of risks. Clause 24 of the Purchase Order entitled "Law Controlling," sets out in all caps the following:

> ANY AND ALL DISPUTES ARISING HEREUNDER SHALL BE CONSTRUED ACCORDING TO THE LAWS OF ENGLAND THEN IN FORCE NOTWITHSTANDING ANY PRINCIPLES OF LAW THAT MAY REFER TO THE LAWS OF ANOTHER JURISDICTION. THE COURTS OF ENGLAND SHALL HAVE EXCLUSIVE JURISDICTION IN RELATION TO ANY CLAIM, DISPUTE OR DIFFERENCE CONCERNING THIS ORDER AND ANY MATTER ARISING THEREFROM. EACH PARTY IRREVOCABLY WAIVES ANY RIGHT THAT IT MAY HAVE TO BRING AN ACTION OR PROCEEDING RELATING TO THIS AGREEMENT IN ANY FORUM OTHER THAN THE COURTS OF ENGLAND.[4]

---

[4] Document No. 30-1 at 18 of 19. According to public information, Pride provides contract drilling and related services to oil and gas companies worldwide. Pride steadfastly refused to consent to the jurisdiction of the courts of Mexico, where Taylor's injuries occurred, when others filed motions to dismiss Taylor's case for *forum non conveniens*. It is not uncommon for companies with worldwide operations to include in their contracts exclusive forum selection clauses designating England or another jurisdiction with a long and stable judicial history known for its efficiency and impartiality. In 2011, as Defendants point out, Pride was

All parties rely upon the Purchase Order as controlling.

Defendants in their motion to dismiss argue that the Court lacks subject matter jurisdiction under Rule 12(b)(1), that venue is improper under Rule 12(b)(3), and that the case should be dismissed for *forum non conveniens* based on the agreed forum selection clause quoted above. To assure the Court that Plaintiffs may proceed to adjudicate the merits of this action in England, all Defendants have filed consents to submit voluntarily to the jurisdiction of the English courts and not to assert any statute of limitations as a bar to the action. Plaintiffs respond that Defendants waived their right to enforce the forum selection clause by waiting two years before filing this motion to dismiss, and that Defendants ICOSPA and INIC waived any right to rely upon the clause because they previously filed, unsuccessfully, a motion for summary judgment in this Court.

II. Motion to Dismiss

A. Legal Standard

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 580 (2013). The

---

acquired by Ensco plc, which is a UK-registered company headquartered in London, England.

standards for enforcing a forum selection clause under 28 U.S.C. § 1404(a) also "apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums." Id. at 583 n.8. Hence, the typical *forum non conveniens* analysis[5] is substantially altered in the following ways: "First, the plaintiff's choice of forum merits no weight." Id. at 581. "Second, a court evaluating a defendant's [*forum non conveniens* motion] based on a forum-selection clause should not consider arguments about the parties' private interests." Id. at 582. A party waives its right to object to the inconvenience of a designated forum by agreeing to a forum-selection clause, and the district court "accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. "As a consequence, a district court may consider arguments about public-interest factors only," which factors "will rarely defeat a transfer motion." Id.

---

[5] In a typical *forum non conveniens* case, which has no agreed forum selection clause, the district court applies a three-step procedural framework in which it (1) determines if an alternative forum exists; (2) considers the "relevant factors of private interest, weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum"; and (3) weighs the relevant public interest, if the private interests are either nearly in balance or do not favor dismissal. In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165-66 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom.* Pan Am. World Airways, Inc. v. Lopez, 109 S. Ct. 1928 (1989), *reinstated except as to damages by* In re Air Crash Disaster Near New Orleans, La., 883 F.2d 17 (5th Cir. 1989) (en banc).

The party resisting enforcement of the forum-selection clause bears a "heavy burden of proof" in demonstrating unreasonableness. Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997) (quoting M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1917 (1972). "[W]hen the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause, . . . dismissal would work no injustice on the plaintiff." Atl. Marine, 134 S. Ct. at 583 n.8.[6]

B. Discussion

The forum selection clause in the Purchase Order is mandatory and is entitled to a presumption of enforceability. Not only does the forum selection clause provide for the courts of England as the exclusive forum to resolve any disputes regarding the Purchase Order, it also requires that "any and all" such disputes "shall be construed according to the laws of England then in force . . . ." Plaintiffs' case depends upon construction of the contract in Plaintiffs' favor to establish their indemnity claims against the TESCO parties and their claims that they are additional insureds under TESCO's insurance policies. Plaintiffs themselves authored

---

[6] When a case is dismissed for *forum non conveniens*, a district court must nonetheless "ensure that a plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Air Crash, 821 F.2d at 1166. Moreover, the court must enable the plaintiff to return to the American forum "if the defendant obstructs such reinstatement in the alternative forum." Id.

6

the Purchase Order requiring both that it be construed according to English law and in the event of disputes that the courts of England have the exclusive jurisdiction to adjudicate the controversy. The parties do not dispute that the courts of England provide an adequate and available forum.

Plaintiffs lodge an array of objections to enforcement of the forum selection clause based essentially on the alleged untimeliness of Defendants' motion to dismiss.[7] Plaintiffs contend that Defendants did not timely plead the forum selection clause, that Defendant insurers ICOSPA and INIC waived their right to enforce the clause by filing an unsuccessful motion for summary judgment, that for a period of time one or more Defendant insurers provided a defense for Plaintiffs in the underlying case without raising the forum selection clause, and that the motion to dismiss for *forum non conveniens* was untimely filed. The Fifth Circuit in Air Crash, 821 F.2d at 1165, n.30, stated its view that "the timeliness of the motion [to dismiss for *forum non conveniens*] is

---

[7] Document No. 34 at 15. Plaintiffs also argue that the Defendant insurers lack standing to enforce the forum-selection clause because they are non-signatories. Id. at 13-15. All of Plaintiffs' claims against all Defendants depend on the 2008 Purchase Order, so all Defendants have standing to enforce the forum-selection clause. See Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co., Civ. SA. 05CA0172-XR, 2005 WL 1862631 at *15 (W.D. Tex. July 8, 2005) (A forum-selection clause may be enforced by a non-signatory "when a signatory to a written agreement must rely on the terms of the written agreement in asserting its claims against the nonsignatory" (citing Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524 (5th Cir. 2000))).

7

one of the private 'practical problems' to be considered under the *Gulf Oil* and *Reyno* principles." There was no agreed forum selection clause in <u>Air Crash</u>, of course, and under the circumstances the Court held that a motion to dismiss must be asserted "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." <u>Id.</u> at 1165 (citing Wright, Miller & Cooper, <u>Federal Practice & Procedure: Jurisdiction</u> § 3828, at 291 (2d ed. 1986)). Hence, "untimeliness will not effect a waiver" but "it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." <u>Air Crash</u>, 821 F.2d at 1165.

Here, unlike <u>Air Crash</u>, the parties are bound by an exclusive forum selection clause. TESCO (US) and TESCO raised the forum selection clause as an affirmative defense in both their original answers and their answers to Plaintiffs' First Amended and Supplemental Complaint. The TESCO Defendants' motion to dismiss based on the forum selection clause is the only substantive motion that the TESCO Defendants have pled. They also opposed venue in this Court for Taylor's underlying personal injury case, <u>Taylor v. TESCO</u>. Defendants' Motion to Dismiss was filed approximately six months after Plaintiffs filed their First Amended and Supplemental Complaint against Defendants, before merits discovery had yet

begun, and almost five months before the December 15, 2013 deadline set by the Court for the filing of dispositive motions. On this record the TESCO Defendants have not waived their right to enforce the forum selection clause.

The parties disagree as to when the Defendant insurers first had notice that the forum selection clause could apply to this case, and therefore dispute the length of their delay--either ten months (as Defendant insurers represent) or 34 months (as Plaintiffs contend)--before they invoked the clause. Two of Defendant insurers, ICOSPA and INIC, also filed a motion for summary judgment on November 7, 2012, which the Court denied before Defendants filed the present motion to dismiss. The Court has carefully considered Plaintiffs' argument that Defendants should be deemed to have waived enforcement of the forum selection clause by reason of their having filed an unsuccessful motion for summary judgment, but on balance this conduct of two insurers does not warrant Plaintiffs' request to deny enforcement of the forum selection clause for all parties. Moreover, a severance of the two insurers and piecemeal litigation is also not in the interest of justice.

The Court has found no case holding that a defendant waived its right to move for dismissal for *forum non conveniens* by reason of untimeliness. In what may be the most factually similar case, the Southern District of New York found that a third-party defendant which had answered the third-party complaint with only a

9

generic Rule 12(b)(6) defense and had not objected to jurisdiction, and which then waited three years and participated in discovery before invoking a forum selection clause, did not waive its right to enforce the clause because the third-party plaintiff had not alleged any prejudice. Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F. Supp. 2d 585, 605 (S.D.N.Y. 2010). Likewise, in this case Plaintiffs have not alleged any prejudice as a result of the delay. See id.; Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd., A-11-CA-1057 LY, 2013 WL 56151, at *7 (W.D. Tex. Jan. 3, 2013) (granting a motion to dismiss based on *forum non conveniens* filed six months after another motion to dismiss, when the merits discovery had not begun and the deadline for dispositive motions had not passed, because the plaintiffs had not alleged prejudice).

In any event, the Fifth Circuit classifies these timeliness questions as private interest factors, or "practical problems" to be considered, see Air Crash, 821 F.2d at 1165 n.30, which, as already observed, are all deemed to weigh "entirely in favor of the pre-selected forum." Atl. Marine, 134 S. Ct. at 582. Plaintiffs' recourse, therefore, is to "bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer [or dismissal]." Id. at 583.

Public factors include such matters as "the administrative difficulties flowing from court congestion; the local interest in

10

having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty," Air Crash, 821 F.2d at 1162-63 (citing Gulf Oil Corp. v. Gilbert, 67 S. Ct. 839, 843 (1947)). Taylor's injuries occurred on an oil and gas platform in Mexican waters. His case arrived in this Court after Plaintiffs (Pride and Mexico Drilling) declined to submit to the jurisdiction of the Mexican courts, and the Federal District Court in Louisiana--where Taylor's case was originally filed--then transferred Taylor's case here. Taylor's injury did not occur in Texas, and Plaintiffs in this case incurred no liability to him in Texas. Texas had no cognizable interest in Plaintiff's injury case, just as it has no cognizable interest now in its aftermath as to which parties should bear ultimate liability for Taylor's injuries. Likewise, Texas has no cognizable interest in how the Purchase Order--which is not shown to have been issued in Texas and which did not involve any work done in Texas--should be construed according to the laws of England. In short, there is no controversy pending in the present action that is local in nature, nor does the dispute entail construction of a contract under Texas law. On the other hand, Defendants have represented and public information confirms that

the Pride Plaintiff, upon whose letterhead the Purchase Order was issued, has been acquired by Ensco, plc, a UK registered company with its corporate headquarters to London, England. Plaintiffs have shown no public interest factors, or any balancing of the public interest factors, that "overwhelmingly disfavor" enforcement of the mandatory forum selection clause. *See* Atl. Marine, 134 S. Ct. at 583. Plaintiffs have not met their heavy burden to show that enforcement of the forum selection clause is unreasonable. *See* Calix-Chacon v. Global Int'l Marine, Inc., 493 F.3d 507, 513 (5th Cir. 2007) ("[A] valid forum selection clause is given controlling weight in all but the most exceptional cases." (quoting Stewart Org., Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2246 (1988) (Kennedy, J., concurring))). After all, it was Plaintiffs who chose to "flout[] [their] contractual obligation and file[] suit in a different forum." Atl. Marine, 134 S. Ct. at 582. Accordingly, this case will be conditionally dismissed for *forum non conveniens*.[8]

---

[8] Plaintiffs' Motion for Partial Summary Judgment Regarding Duty to Defend (Document No. 29), and Motion for Partial Summary Judgment Regarding Duty to Defend as to Steadfast Insurance Company and Zurich Insurance Company (Document No. 37), are both DISMISSED without prejudice as moot.

III. Order

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss (Document No. 30) is conditionally GRANTED, and Plaintiffs' claims against all Defendants are DISMISSED upon the following conditions:

    1. Plaintiffs shall proceed without undue delay to file their claims in England and, within thirty-five (35) days after receiving from Plaintiffs a copy of the complaint filed in England, Defendants shall appear and answer such lawsuit, fully waiving and relinquishing any defense based upon statutes of limitations, laches, lack of personal jurisdiction, improper service of process, or the counterparts to such doctrines under the laws of England, and shall otherwise fully join issue on the merits in the lawsuit for purposes of Plaintiffs' claims being decided on the merits in the courts of England;

    2. Defendants shall make available in England all relevant documents and witnesses under their control; and

    3. Defendants shall agree fully to satisfy any judgment finally rendered by the courts of England.

If the courts of England over Plaintiffs' opposition should decline to accept a case properly filed by Plaintiffs against Defendants, or if Defendants should fail voluntarily to respond, to join issue on the merits within the time allowed, to make the necessary waivers or agreements, and/or to satisfy any final judgment rendered by the courts of England, then this case may be

reinstated in this Court upon application by Plaintiffs accompanied by a verified statement of the grounds for such reinstatement.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 24TH day of February, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE